UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BILLY F.  LEMONS,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        CIVIL NO.  3:19cv905
                                           )
ANDREW M. SAUL,                            )
Commissioner of Social Security            )
                                           )
            Defendant.                     )

<u>OPINION AND ORDER</u>

This matter is before the court on a "Motion for Award of Attorney Fees Pursuant to the

Equal Access to Justice Act, 28 U.S.C. § 2412(d)" filed by Plaintiff on November 4, 2020.  The

Defendant objected to the motion on November 25, 2020, to which Plaintiff replied on December

2, 2020. Also on December 2, 2020, Plaintiff filed an amended motion for fees.

For the following reasons, the motions for fees will be granted.

<u>Discussion</u>

Plaintiff asks for an award of attorney's fees in the amount of $1,882.25 and $400.00 in

reimbursed costs to be paid in her name and directly to her attorney. This award represents an

hourly rate which is calculated at the rate of $185.00 per hour for 5.85 hours of attorney time and

8.0 hours of estimated non-attorney staff time spent on the case between 2019 and 2020.  In her

amended motion, Plaintiff seeks an additional $240.50 for time spent on the reply brief.

The EAJA is a limited waiver of sovereign immunity, and such waivers must be strictly

construed. *St. Louis Fuel and Supply Co., Inc. v. F.E.R.C.*, 890 F.2d 446, 451 (D.C. Cir. 1989).

The EAJA provides, in pertinent part, that:

a court shall award to a prevailing party…fees and other expenses…incurred by

that party in any civil action brought by or against the United States in any Court
having jurisdiction of that action,…unless the court finds that the position of the
United States was substantially justified or that special circumstances would make
an award unjust.

28 U.S.C. § 2412(d)(1)(A). In addition, no award of fees is automatic; eligibility for fees is

established upon meeting the four conditions set out by the statute. *Commissioner, I.N.S. v. Jean*,

496 U.S. 154, 163 (1990).  *Hensley v. Eckerhart*, 461 U.S. 424 (1983) is the benchmark for

assessing what constitutes a reasonable fee under all federal attorney fee shifting statutes,

including the EAJA. The Supreme Court has stated that "[t]he most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate." *Id*. at 433. The petitioner bears the burden of

proving that the requested hours are reasonable. *Id*. at 437.

Defendant does not object to the hourly rate.  Nor does Defendant object to time

expended, other than a few minor issues.  First Defendant objects that the fee petition contains an

entry for an estimated 8 hours of law clerk time for reviewing the 800-page record.  Counsel for

Plaintiff indicates that his law clerk forgot to use the time-keeping function in the case

management system, and thus counsel estimated the time spent by the law clerk.  Notably,

Defendant does not argue that 8 hours is not a reasonable time to spend reviewing the record in

this case.  As this Court has reviewed more than a few Social Security records over the years, this

Court can say with confidence that 8 hours is a fair estimate, and is most likely a low estimate in

ths particular case.   While the Court prefers a contemporaneous time record, in a pinch, a

reasonable estimate will suffice.  The Court notes here that Plaintiff's attorney is an exemplary

Social Security attorney who does excellent work for his clients, and the Court appreciates his

honesty in admitting that his law clerk simply forgot to record the time spent.  As the hours

2

claimed are entirely reasonable and the hourly amount requested is modest, the Court will not decrease the fee award based on the slip-up of a law clerk.

Defendant next objects to an entry of .3 hours spent preparing the log of hours. Defendant cites no basis for this objection and, quite frankly, the objection is silly.

Lastly, Defendant objects to 4.25 hours spent on April 20, 2020 drafting and revising the opening brief and contacting Defendant counsel about a joint remand. Defendant counsel states that he is unable to locate any record of communication from Plaintiff's counsel on that date. Plaintiff explains in her reply brief that the discrepancy is due to a typographical error and that counsel spent four hours and twelve minutes preparing the opening brief on April 20,2020, and spent five minutes reviewing and approving the language of the motion to remand on July 24, 2020. For a total of four hours and seventeen minutes. Thus, there is no basis to reduce the 4.25 hours to which Defendant has objected.

Conclusion

On the basis of the foregoing, Plaintiff's motion for award of fees [DE 23] and amended motion for award of fees [DE 28] are both hereby GRANTED. Plaintiff is hereby AWARDED $2122.75 in fees and $400 in costs.

If this Award is not subject to any offset for any pre-existing debts to the government, this Award should be made out to Plaintiff's counsel.

Entered: January 14, 2021

s/ William C. Lee
William C. Lee, Judge
United States District Court